FILED
DISTRICT COURT
COLORADO

OCT 13 2005

C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01928-OES

LINDA S. SONNENSCHEIN,
 Plaintiff,

v.

DENNIS W. SONNENSCHEIN,
 Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Linda S. Sonnenschein initiated this action by filing *pro se* a Complaint. The court must construe the Complaint liberally because Ms. Sonnenschein is representing herself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, Ms. Sonnenschein will be ordered to file an amended complaint.

The court has reviewed the Complaint filed by Ms. Sonnenschein and has determined that the Complaint may be dismissed because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F.

Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The Complaint fails to comply with the pleading requirements of Rule 8 because Ms. Sonnenschein fails to set forth any claims that would allow her to obtain the relief she seeks from the named Defendant. The only Defendant in this action is Ms. Sonnenschein's ex-husband. The relief Ms. Sonnenschein seeks is an "Automatic Stay and Immediate Relief and Injunction of said orders from Southern District of Illinois that seized personal property of mine." (Compl. At 6.) The personal property at issue apparently has been seized by the United States in connection with a judgment against Defendant in a criminal case in the United States District Court for the Southern District of Illinois. Although Plaintiff and Defendant have not reached a property settlement in their divorce case in the Jefferson County, Colorado, District Court, Plaintiff contends that Defendant has no interest in the personal property seized. Plaintiff is contesting the seizure of her personal property in the Southern District of Illinois. Even assuming this court has jurisdiction to grant the relief Ms. Sonnenschein seeks, that relief is not available from the named Defendant, who is not the party that seized the property.

In addition, Ms. Sonnenschein fails to set forth clearly and concisely the specific claims she intends to assert in this action. Ms. Sonnenschein asserts the following as her entire first claim for relief: "SEE ATTACH Filed July 29, 2005[,] in the United States District Court, Southern District of Illinois United States of America v. Dennis W. Sonnschein." Her entire second claim is "see attach March 10, 2004[,] Decree orders from Jefferson County District Court along with transcript of said orders. Dennis Sonnenschein did not wait for ruling from Colorado Court of Appeals before going to the Federal Court in East St. Louis, Illinois." Finally, her entire third claim is set forth as follows:

> I, Linda Sonnenschein do hereby request a temporary
> injunction against the sale, the removal or otherwise against
> Columbine Ranch located at South Platte Canyon Road,
> Littleton, CO.[,] and Dennis W. Sonnenschein and or any
> other parties who might try to remove or seize my three
> horses, Retador, Tribby or Stormy from the Columbine
> Equestrian Center until settlement conferences can take
> place in the District Courts of Jefferson County on April 6-7
> of 2006.

These claims are vague and lack specific facts demonstrating that Ms. Sonnenschein is entitled to relief in this action. Although the court's review of the papers attached to the complaint make clear that Ms. Sonnenschein believes she has an interest in the personal property that has been seized by the United States, it is not clear what specific claims for relief she is asserting or why she believes she is entitled to relief in this court in this action. It is not the court's responsibility to sift through the Complaint and construct legal arguments for Ms. Sonnenschein.

As noted above, Ms. Sonnenschein is contesting the seizure of her personal property in the Southern District of Illinois and she apparently has counsel representing

her in those proceedings. It appears that whatever claims Ms. Sonnenschein intends to assert more properly should be raised in the proceedings pending in the Southern District of Illinois.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Ms. Sonnenschein should be given an opportunity to file an amended complaint. She will be directed to do so below. Accordingly, it is

ORDERED that Ms. Sonnenschein file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Ms. Sonnenschein, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Ms. Sonnenschein fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 13 day of October, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01928-OES

Linda S. Sonnenschein
16641 W. Ellsworth Ave.
Golden, CO 80401

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 10/13/05

GREGORY C. LANGHAM, CLERK

By: _____
             Deputy Clerk